645 So.2d 961 (1994)
Leonard R. LANGLEY, Petitioner,
v.
Harry K. SINGLETARY, etc., Respondent.
No. 82394.
Supreme Court of Florida.
August 25, 1994.
Rehearing Denied December 8, 1994.
Leonard R. Langley, pro se.
Susan A. Maher, Deputy Gen. Counsel, Dept. of Corrections, Tallahassee, for respondent.
PER CURIAM.
Leonard R. Langley petitions this Court for habeas corpus, which we treat as a petition for writ of mandamus. We have jurisdiction. Art. V, § 3(b)(8), Fla. Const.
We note Langley's argument that our opinion in Griffin v. Singletary, 638 So.2d 500 (Fla. 1994), should not be applicable to the cancellation of his provisional gain time. He correctly notes that Griffin dealt in part with revocation of provisional gain time for certain serious offenses, pursuant to an Attorney General's opinion.
However, Langley overlooks the fact that section 944.278, Florida Statutes (1993), voided all provisional gain time for every inmate serving a sentence or combined sentence in the custody of the Florida Department of Corrections. In Griffin, we noted that this across-the-board cancellation eliminated any question of arbitrariness and therefore of any conceivable need for the Department to hold individual cancellation proceedings. We also noted that there is no due-process violation in such a legislative cancellation. Griffin.
Even if a more stringent review were needed here  which we do not decide  we also believe the legislature has met the "some evidence" standard suggested by the United States Supreme Court in Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); see Griffin. As Respondent notes, administrative gain time and provisional credits were temporary devices for achieving federally mandated reduction in prison overcrowding. The legislature now has determined that the problem has lessened and that other devices are available that render administrative gain time and provisional credits redundant or unnecessary. These devices include increased building of prisons, front-end diversionary programs, and certain other early release programs. Accordingly, all relief is denied.
It is so ordered.
*962 GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., concur.