659 So.2d 1126 (1995)
Carlton DAVIS, Petitioner,
v.
Harry K. SINGLETARY, Jr., Secretary, Department of Corrections, Respondent.
No. 95-00999.
District Court of Appeal of Florida, Second District.
July 26, 1995.
BY ORDER OF THE COURT:
Carlton Davis, an inmate in the custody of the Florida Department of Corrections *1127 ("DOC"), petitions this court for writ of mandamus. This petition is Davis' most recent effort to enforce the terms of a plea agreement under which he was sentenced on April 12, 1992, for violating a term of probation that had previously been imposed as part of a split sentence. Based on the pleadings in the records before us, it appears that all parties to the plea agreement contemplated that Davis would receive credit for ten years[1] against a fifteen year sentence. Thus, Davis was actually being sentenced to serve five years for the probation violation. However, as a result of the DOC's interpretation of section 944.278, Florida Statutes (1993), Davis was not awarded a full ten years of credit.[2]
In response to a motion filed by Davis, the trial court entered an order to award proper credit time which set out the intent of the plea agreement and ordered the DOC to "forthwith re-calculate the Defendant's gain time credits in accord with the law which was applicable to the Defendant's situation at the time that he was sentenced, on April 12, 1992 and at the time that his offenses were committed in 1987."[3] The DOC filed a petition for certiorari challenging the trial court's order on several grounds. This court denied the petition for certiorari by order dated January 18, 1994, which recognized Davis' right to have the terms of his plea agreement enforced. Davis now seeks mandamus relief alleging that the DOC continues to challenge the application of credit intended by the plea agreement.
We do not rule on the merits of DOC's interpretation of section 944.278 as it may apply to other cases. However, we do acknowledge that a trial court is without authority to direct the manner in which DOC calculates those credits awarded solely to reduce prison overcrowding. Nevertheless, in this case, Davis entered into a negotiated plea that all parties to the agreement contemplated would result in Davis serving an additional five years of incarceration. If Davis receives ten years of credit against his fifteen year sentence, it appears that he may be entitled to immediate release.
In order to expedite these proceedings, we treat the petition for mandamus as a motion to enforce the plea agreement and transfer this matter to the sentencing judge who shall resentence Davis, within twenty (20) days of the date this order becomes final, in a manner that effectuates the intent of the plea agreement and takes into account the effect of the DOC's cancellation of 1190 days of credit or allow Davis to withdraw his plea.
This order shall become final unless a motion for rehearing is filed within seven (7) days of the date of this order.
ALTENBERND, A.C.J., and BLUE and FULMER, JJ., concur.
NOTES
[1] Davis was also given jail time credit which is not in dispute.
[2] Davis was notified by DOC in November 1993 that 1130 days of provisional credits and 60 days of administrative credits that had been applied to the incarcerative portion of his original split sentence had been cancelled and his overall release date was changed from June 18, 1994, to August 3, 1997.
[3] The trial court may have confused the two types of credits: (1) those which are granted solely to reduce prison overcrowding and which do not become vested rights once they are awarded ("administrative gain time" and "provisional credits"), and (2) those which do become vested rights once they are awarded ("basic" and "incentive" gain time). See Griffin v. Singletary, 638 So.2d 500 (Fla. 1994).