676 So.2d 51 (1996)
Harry K. SINGLETARY, Secretary, etc., Petitioner,
v.
Hon. Robert EVANS, Circuit Court Judge, etc., Respondents.
No. 96-297.
District Court of Appeal of Florida, Fifth District.
June 28, 1996.
*52 Judy Bone, Assistant General Counsel, Tallahassee, for Petitioner.
Mark S. Blechman of Lubet & Bechman, Orlando, for Amicus Curiae in behalf of Kevin Lee Galston.
No Appearance for Respondents.

ON MOTION FOR CLARIFICATION AND/OR REHEARING
THOMPSON, Judge.
We grant Appellant's motion for clarification and revise our opinion as follows:
Harry K. Singletary, Secretary of the Department of Corrections ("DOC"), petitions this court for writ of prohibition. Singletary seeks to prohibit the Honorable Robert Evans from compelling him to award 12 years and 171 days credit on Kevin Lee Galston's, defendant below, sentence for violating probation, or requiring him to appear at contempt proceedings in his capacity as Secretary of DOC. We grant the writ.
Judge Evans sentenced Galston to DOC for violating probation. Galston had originally entered a plea of nolo contendere to two counts of DUI manslaughter and was sentenced to two concurrent 12 year terms of incarceration followed by 3 years probation. Galston was given provisional credit because of prison overcrowding and gain time for good behavior, released from prison and placed on probation. He violated his probation and was resentenced. The trial court sentenced him to two concurrent terms of 15 years incarceration with credit for 12 years previously served and 171 days credit for time in jail. Judge Evans intended that upon resentencing, Galston serve no more than three years in the DOC. After Galston was received by DOC, it cancelled 90 days of his provisional credit and forfeited 1749 days of his unforfeited gain time. The result was that Galston would serve substantially more than three years in prison. When Galston filed a motion to clarify, Judge Evans held a hearing at which an attorney for DOC appeared. Judge Evans wanted to know why DOC had not awarded the time credited by him on Galston's sentence.
The attorney for DOC contended that the legislature had mandated upon sentencing for violation of probation, the cancellation of Galston's provisional credit by section 944.278, Florida Statutes (1995) and forfeiture of Galston's gain time by enactment of section 944.28(1), Florida Statutes (1995). The legislature also repealed prior statutes that had been enacted to release prisoners due to prison overcrowding. Ch. 93-406 § 32; 88-122 § 6, Laws of Florida. Because of a prison building program, the early release statutes were no longer necessary. After the hearing, in spite of the information presented, Judge Evans ordered DOC to award 12 years and 171 days credit to Galston's sentence or have Singletary appear on a show cause order why he should not be held in contempt.
In this case, DOC cancelled 90 days provisional credits awarded for the sole purpose *53 of reducing jail overcrowding. The Florida Supreme Court has held that DOC may cancel provisional credits which were awarded for the sole purpose of reducing prison overcrowding and courts may not go behind the decision to do so. Griffin v. Singletary, 638 So.2d 500, 501 (Fla.1994); Langley v. Singletary, 645 So.2d 961 (Fla. 1994). Judge Evans had no authority to direct the manner in which DOC calculated credits awarded solely to reduce prison overcrowding. Davis v. Singletary, 659 So.2d 1126, 1127 (Fla. 2d DCA 1995).
Further, DOC could forfeit 1749 days of Galston's gain time. Gain time in Galston's sentence was composed of basic gain time awarded pursuant to section 944.275(4)(a) and incentive gain time, awarded pursuant to section 944.275(4)(b). The purpose of gain time is to allow DOC to reduce a sentence "in order to encourage satisfactory prisoner behavior, to provide incentive for prisoners to participate in productive activities, and to reward prisoners who perform outstanding deeds or service." See § 944.275(1), Fla. Stat. (1995); Dugger v. Rodrick, 584 So.2d 2 (Fla.1991). However, a prisoner who is released on probation pursuant to Chapter 948, may have his gain time forfeited without notice or hearing if his probation is revoked. See § 944.28(1), Fla. Stat. (1995).
Judge Evans' attempt to compel DOC not to cancel Galston's provisional credits and gain time was a usurpation of DOC's executive authority. DOC had a statutory and administrative duty to cancel provisional credits and forfeit gain time when Galston was returned to prison.
Petition for writ of prohibition is hereby GRANTED.
PETERSON, C.J., and ANTOON, J., concur.