PER CURIAM.
Craig Erickson appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 seeking enforcement of his plea agreement. We reverse and remand with instructions to the trial court to resentence appellant in a manner that effectuates the intent of the plea agreement or to allow him to withdraw the plea.
Appellant was initially sentenced concurrently on two trial court cases to one year and one day in prison followed by probation. Appellant served 268 days in the county jail and then was released from his prison sentences by the Department of Corrections (DOC) without ever having been transported to state prison. Appellant subsequently violated his supervision and entered into plea negotiations with the trial court whereby he was to be sentenced to four years prison on each case concurrent, with full credit for the one year and one day sentence even though he did not serve the complete sentence. The trial court changed the plea form to reflect that appellant would get credit for the year and a day as well as credit for the time he spent in county jail awaiting sentencing on the violations. The judgment and sentences reflect that appellant was given credit for the time he spent in county jail awaiting sentencing plus credit for DOC time served and any gain time applicable. Appellant’s motion states that DOC did not give him credit for the full year and a day as specified by the plea bargain.
*1321 Because appellant’s offenses were committed before October 1,1989, he is entitled to unforfeited gain time on the year and a day sentence under Green v. State, 547 So.2d 925 (Fla.1989).[1] However, under Tripp v. State, 622 So.2d 941, 942 n. 3 (Fla.1993), appellant is not entitled to provisional credits, nor is he entitled to administrative gain time. Furthermore, a trial court is without authority to direct DOC to award these types of credit. Davis v. Singletary, 659 So.2d 1126 (Fla. 2d DCA 1995). It is clear, however, that the plea bargain called for appellant to be sentenced concurrently on each case to two years and 364 days[2] in prison minus the time he spent in jail awaiting sentencing on the violations. See, e.g., Davis. Accordingly, the trial court shall re-sentence appellant in a manner that effectuates the intent of the plea agreement or, if it cannot do so, shall allow him to withdraw his plea. Davis; Graham v. State, 641 So.2d 511 (Fla. 5th DCA 1994).
Reversed and remanded.
DANAHY, A.C.J., and SCHOONOVER and BLUE, JJ., concur.

. The amount of unforfeited gain time to which appellant is entitled may be affected by the fact that appellant served his prison sentence in the county jail.

. Four years minus one year and one day.