PER CURIAM.
Carl George Laventure appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Laventure’s motion sets forth several grounds for relief, only one of which merits discussion. We reverse and remand with instructions to the trial court to resentence Laventure in a manner which achieves the intent of the plea agreement or allow him to withdraw his plea. Laventure challenges his consecutive violent habitual offender sentences for possession of contraband in jail in case number 90-3299, which were part of a multi-ease plea agreement. It appears from our limited record that Laventure was charged in several cases with two counts of attempted kidnapping, witness tampering, solicitation to commit murder, possession of a firearm by a convicted felon, two counts of criminal mischief and three counts of possession of contraband in jail. The specifically bargained for terms of the plea agreement were a thirty-year violent habitual felony offender sentence with a fifteen-year minimum mandatory and, at the trial court’s discretion, probation. In exchange, the State would file a nolle prosequi of the witness tampering and solicitation charges.
The court sentenced Laventure as a violent habitual felony offender, to thirty years’ incarceration with a ten-year minimum mandatory on the attempted kidnapping charge, three consecutive five-year prison sentences, *860 with five-year minimum mandatories, for the contraband charges, to be served consecutively to each other, but concurrent with the kidnapping charge. The stacking of the contraband charges was intended to provide the mandatory fifteen-year component of the negotiated plea.
Laventure claims the court lacked statutory authority to impose consecutive habitual offender sentences pursuant to Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). The State’s response conceded the sentencing error. However, the trial court found that the plea was a bargained for quid pro quo for the State filing a nolle prosequi of the witness tampering and solicitation charges in case number 90-0190, and therefore declined to change the sentencing structure.
Habitual felony offender sentences can be imposed to run consecutively only for separate, distinct crimes that do not occur in the course of a single criminal episode. Hale stands for the proposition that when there are multiple counts involved in a single criminal episode, the habitual offender sentences must be made to run concurrently. See State v. Callaway, 658 So.2d 983 (Fla.1995).
Accordingly, we remand to the trial court to resentence Laventure in a manner which effectuates the intent of the plea agreement and complies with Hale, or if it cannot do so, to allow him to withdraw his plea. Davis v. Singletary, 659 So.2d 1126 (Fla. 2d DCA 1995); Erickson v. State, 687 So.2d 1320 (Fla. 2d DCA 1997).
Reversed and remanded.
SCHOONOVER, A.C.J., and PATTERSON and BLUE, JJ., concur.