695 So.2d 886 (1997)
Kenneth FOLDI, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00419.
District Court of Appeal of Florida, Second District.
June 20, 1997.
PER CURIAM.
Kenneth Foldi appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Foldi seeks to enforce the terms of his plea agreement. We reverse and remand with instructions to the trial court to resentence Foldi in a manner which achieves the intent of the plea agreement or to allow him to withdraw his plea.
*887 The plea transcript indicates Foldi entered a plea for eighteen months' incarceration on new charges in case numbers 95-16323 and 95-20174, and eight years' incarceration on his violation of probation sentence in case number 93-17904. The terms of the agreement were that the sentences of imprisonment would run concurrently with each other and Foldi would receive seven years' credit for time previously served in case number 93-17904, despite the acknowledged fact that some of that time was forfeitable gain time. The judgment and sentencing documents reflect a notation that the court contemplated the Department of Corrections should apply seven years of credit for previous incarceration against Foldi's eight-year sentence in case number 93-17904. Foldi asserts the Department of Corrections has not awarded the full seven years credit on his sentence. The trial court's order acknowledges the Department of Corrections is not crediting Foldi with any forfeitable gain time. See Bradley v. State, 631 So.2d 1096 (Fla.1994). Moreover, a trial court is without authority to direct the method by which the Department of Corrections calculates those credits awarded solely to relieve prison overcrowding. Davis v. Singletary, 659 So.2d 1126 (Fla. 2d DCA 1995).
Accordingly, we remand to the trial court to resentence Foldi in a manner which effectuates the intent of the plea agreement, or, if it cannot do so, to allow him to withdraw his plea. Davis, 659 So.2d at 1127; Erickson v. State, 687 So.2d 1320 (Fla. 2d DCA 1997).
Reversed and remanded.
SCHOONOVER, A.C.J., and BLUE and QUINCE, JJ., concur.