COPE, J.
The order denying postconviction relief under Florida Rule of Criminal Procedure 8.850 is reversed and the cause is remanded for a hearing.
In Monroe County Circuit Court case number 91-803, defendant-appellant Flowers pled guilty to second degree murder and received a split sentence of twelve years in prison followed by probation. He served approximately four years incarceration and by virtue of gain time (and possibly other credits) was released. Later an affidavit of violation of probation was filed. The State also filed charges of forgery and uttering in Monroe County Circuit Court case numbers 97-991, 97-1064, and 97-30826.
Defendant entered into a plea agreement on all pending charges. In the 1991 second degree murder case defendant entered a plea of admission to violating probation, with the understanding that the trial court could impose a sentence of up to twenty-seven years.[1] The trial court accepted the plea and scheduled a separate sentencing hearing.
At the subsequent sentencing hearing, there was a question of how much time the defendant would receive for the time he had previously served in state prison. Defense counsel stated his belief that defendant would only receive credit for time actually served, but not gain time, i.e., four years. The State argued, and the court agreed, that the defendant would receive credit for all time served, including gain time, i.e., twelve years.
The court imposed the maximum sentence of twenty-seven years, stating, “It is the sentence of this Court that the defendant be incarcerated in Florida State Prison for a period of 27 years, credit for all time served including previous gain time.” Transcript, January 27, 1998, at 23, lines 3-6 (emphasis added).
Upon arriving in the Department of Corrections, the Department revoked the gain time the defendant had received during his previous incarceration. Thus, in reality the defendant has received four years credit for time served, not twelve years. See § 944.28, Fla. Stat. (1989).[2]
In imposing this sentence the trial court had discretion to go up to twenty-seven years, but could have imposed a shorter sentence. When deciding to sentence the defendant to the twenty-seven-year maximum, the court specified that he would be given credit for all time served, including *67 gain time. Thus, the trial court contemplated that on the twenty-seven-year .sentence, the defendant would be entitled to twelve years credit. It is now clear that the defendant will not receive such credit.
Under these circumstances, the defendant is entitled to a hearing. If it was the trial court’s specific intent in imposing a twenty-seven-year sentence that the defendant receive a full twelve-years credit,[3] then the original sentencing intent can be carried out by reducing the defendant’s sentence appropriately. Alternatively, if the trial court chooses not to resentence the defendant, then the defendant is entitled to a hearing on whether he should be allowed to withdraw his plea in circuit court case number 91-830. The record strongly suggests that trial counsel gave defendant correct advice prior to entry of the plea, but the colloquy at sentencing creates some doubt. As the present record does not conclusively refute the defendant’s claims, he is entitled to a hearing if the court decides not to change defendant’s sentence. See Fla. R.App. P. 9.140(i); State v. Leroux, 689 So.2d 235 (Fla.1996).
Reversed and remanded.

. In the three 1997 cases, the plea was for fifteen months of concurrent time.

. The statutory provision for revocation of gain time in this circumstance is effective for crimes committed on or after Sept. 1, 1990. See ch. 89-526 §§ 6, 52, Laws of Fla. The crime date in the present case was 1991.

. Another possible interpretation of the court’s remarks is that the court believed that the defendant would receive full credit by operation of law and the oral pronouncement was simply intended to reflect what the law called for anyway.