793 So.2d 78 (2001)
Gary D. WALLACE, Petitioner,
v.
STATE of Florida, and Michael Moore, Secretary, Department of Corrections, Respondents.
No. 2D00-3641.
District Court of Appeal of Florida, Second District.
August 8, 2001.
Gary D. Wallace, pro se.
Robert A. Butterworth, Attorney General, Tallahassee and Ronald Napolitano, Assistant Attorney General, Tampa, for Respondent, State of Florida.
Judy Bone, Assistant General Counsel, Tallahassee, for Respondent, Department of Corrections.
CAMPBELL, MONTEREY, (Senior) Judge.
Gary D. Wallace, an inmate in the custody of the Florida Department of Corrections (D.O.C.), petitions this court for a writ of certiorari. In 1989, Wallace was originally sentenced to 12 years' incarceration with probation to follow for dealing in stolen property. During Wallace's period of incarceration, he was awarded 1440 days of basic gain-time and 195 days of incentive gain-time. Due to prison over-crowding, *79 Wallace was also awarded 195 days of administrative gain-time and 420 days' provisional credits. Wallace was offered early release by way of control release. In October of 1993, Wallace violated the terms of his release and, pursuant to a negotiated plea, was resentenced to 15 years' imprisonment and was awarded a credit for the 12 years of his original sentence, plus 84 days. In November of 1993, Wallace was again offered an early release in the form of control release supervision. Wallace's release was revoked after he failed to abide by the terms of the release, and he was returned to the custody of the D.O.C. As a result of the revocation of control release supervision, the D.O.C. forfeited all gain-time applying to the 15 year sentence, including the gain-time awarded by the court at sentencing for violating supervision in 1993.
After attempting twice to enforce the plea agreement, Wallace filed the instant petition for writ of certiorari. On the record before us, it is clear that the plea agreement contemplated that Wallace would receive credit for 12 years, plus 84 days. Thus, the sentence imposed was actually 2 years and 281 days. However, as a result of the forfeiture action taken by the D.O.C., Wallace has not received the credit intended by the agreement.
The D.O.C. has authority to cancel credits. However, we have held that a defendant is entitled to withdraw his plea when such a cancellation results in altering a negotiated plea agreement. See Davis v. Singletary, 659 So.2d 1126 (Fla. 2d DCA 1995). In order to expedite these proceedings, we treat the petition for writ of certiorari as a motion to enforce plea agreement. Accordingly, this matter is transferred to the sentencing judge, who shall resentence Wallace in a manner that effectuates the intent of the plea agreement and takes into account the D.O.C.'s cancellation of credit or allows Wallace to withdraw his plea.
Remanded with directions.
FULMER, A.C.J. and STRINGER, J., Concur.