816 So.2d 1213 (2002)
Timothy MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1543.
District Court of Appeal of Florida, Fifth District.
May 24, 2002.
*1214 Timothy Martin, Bushnell, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert E. Bodnar, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
The appellant, Timothy Martin ("Martin"), challenges the denial of his Rule 3.850 motion[1] on the ground that he failed to receive credit for previous gain time as promised by the trial court. At the sentencing hearing, the trial court resentenced Martin to "nine years Department of Corrections with credit for the five yearswell, the State will give him credit for that." When Martin specifically questioned the trial court how the state would give him this credit, the trial court stated to Martin: "They'll cut the five.... They have to by law. Trust me they will. I guarantee they will." The written sentence, however, without any markings for state prison time credit to be applied, indicated that Martin was to be sentenced to a term of nine years. Pursuant to statutory provisions calling for the loss of gain time upon the revocation of probation, the Department of Corrections apparently did not credit Martin's new sentence for the entire five year period of the original sentence, but rather for actual time served. See § 944.28, Flat. Stat. (1999).
In the Rule 3.850 hearing held in this matter, the same trial court conceded that Martin was entitled to withdraw his plea, but failed to consider the possibility that, alternatively, Martin was entitled to the benefit of his plea bargain. The transcript of the Rule 3.850 hearing indicates the trial court believed it lacked jurisdiction to resentence the appellant without a withdrawal of the plea first taking place. The trial court did, however, have such jurisdiction and authority. Flowers v. State, 754 So.2d 65 (Fla. 3d DCA 2000); Foldi v. State, 695 So.2d 886 (Fla. 2d DCA 1997); Davis v. Singletary, 659 So.2d 1126 (Fla. 2d DCA 1995).
We remand for the trial court to reconsider this matter. If, under the plea bargain, it was the trial court's specific intent that Martin was to receive a five year state prison credit on his nine year state prison sentence, then Martin's sentence can be revised in accord with that intent. Flowers; see also Jackson v. State, 615 So.2d 850 (Fla. 2d DCA 1993) (a defendant's sentence is whatever the trial court intended it to be). If the trial court chooses not to sentence Martin pursuant to the plea, the trial court should again give Martin the opportunity to withdraw it.[2]
REMANDED.
SHARP, W., and GRIFFIN, JJ., concur.
NOTES
[1] Fla. R.Crim. Pro. 3.850 (2001).
[2] Of course, in any resentencing, a court shall not vindictively impose a harsher sentence, a fear that Martin apparently had when the state suggested it would not go along with the sentence it agreed to earlier. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).