821 So.2d 1250 (2002)
Tony McALLISTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-0969.
District Court of Appeal of Florida, First District.
July 31, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General, James W. Rogers, Assistant Attorney General, and Elizabeth Fletcher, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant appeals from the summary denial of a rule 3.850 motion for postconviction relief. The appellant entered into a plea agreement to receive ten years credit for time served on a 17-year sentence following the revocation of probation and was sentenced in accordance with this agreement. The Department of Corrections ("DOC") revoked the gain time portion of the ten years in accordance with section 944.28(1), Florida Statutes (1991). The appellant claims that he entered into the agreement with the understanding that he would receive the full ten years of credit. The appellant now seeks to either be resentenced in a manner that will enforce his plea agreement, or to withdraw from his plea. While the trial court cannot compel the DOC to follow the plea agreement, since it would usurp the DOC's authority to forfeit gain time, the trial court can still effectuate the purpose of the plea agreement by either resentencing the appellant in a manner that will effectuate the plea agreement given the DOC's forfeiture, or by allowing the appellant to withdraw from his plea. See Martin v. State, 816 So.2d 1213 (Fla. 5th DCA 2002); Flowers v. State, 754 So.2d 65, 66-67 (Fla. 3d DCA 2000); Williams v. Department of Corrections, 734 So.2d 1132, 1133 (Fla. 3d DCA 1999); Foldi v. State, 695 So.2d 886, 887 (Fla. 2d DCA 1997). It is clear from the language of these cases that effectuating the plea agreement is proper even though the appellant had no legal entitlement to such gain time since the DOC could declare it forfeited, because the court and parties contemplated that the appellant would be credited with such gain time. See id. Because the appellant has made a facially sufficient claim for relief, *1251 we reverse and remand for an evidentiary hearing.
REVERSED.
ALLEN, C.J., DAVIS and PADOVANO, JJ., concur.