842 So.2d 1040 (2003)
The STATE of Florida, Appellant,
v.
Nashawn P. JACKSON, Appellee.
No. 3D02-1900.
District Court of Appeal of Florida, Third District.
April 23, 2003.
Charles J. Crist, Jr., Attorney General, and Michael J. Neimand, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellee.
Before JORGENSON, LEVY, and GERSTEN, JJ.
PER CURIAM.
The State of Florida appeals the trial court's Order Granting Defendant's Motion for Judicial Enforcement of Plea Agreement or Vacation of Plea. We affirm.
On July 26, 1993, the Defendant, Nashawn Jackson, entered a plea of guilty to *1041 two counts of sexual battery upon a person less than 12 years of age. Under the terms of the plea agreement, the Defendant pled guilty in exchange for a seven-year term of imprisonment, followed by ten years of probation. The agreement also required the Defendant to complete a Mentally Disordered Sex Offender (MDSO) program. The Defendant was released from state prison on November 26, 1996, after receiving approximately 44 months of gain time and serving 40 months of his sentence. On August 7, 2001, an Affidavit of Violation of Probation was filed, alleging that the Defendant had violated the terms of his probation by committing a battery on or about July 27, 2001. On November 28, 2001, the Defendant admitted to the violation of probation in exchange for a revocation of probation and a sentence of 20 months imprisonment with 131 days of credit for time served.
On June 7, 2002, the Defendant filed a Motion for Judicial Enforcement of Negotiated Plea Agreement, or Alternatively, for Vacation of Said Plea Agreement, which stated that the Department of Corrections reinstated the 44 months originally credited as gain time because he returned to state prison following the judgment and sentence for the probation violation. The Defendant asked the trial court to resentence him so as to give full effect to the terms of the plea agreement or, alternatively, to allow him to withdraw his guilty plea. The trial court granted the motion and stated that it would schedule a resentencing hearing. This appeal follows.
The trial court properly granted the Defendant's Motion for Judicial Enforcement of Plea Agreement or Vacation of Plea and vacated the revocation of probation because the forfeiture of the Defendant's gain time by the Department of Corrections thwarted the intent of the negotiated plea agreement. See Williams v. Department of Corrections, 734 So.2d 1132, 1133 (Fla. 3d DCA 1999); see also Dellahoy v. State, 816 So.2d 1253 (Fla. 5th DCA 2002); Wallace v. State, 793 So.2d 78 (Fla. 2d DCA 2001). Although there may be a suggestion inherent in the trial court's Order that the trial court had the authority to countermand the Department of Corrections' forfeiture of gain time,[1] it is clear that the trial court cannot, and did not, take any action which had the effect of rescinding the forfeiture of gain time.
Affirmed.
NOTES
[1] "The [Department of Corrections'] forfeiture of the gain time cannot be countermanded by the court, but neither can that forfeiture thwart the plea bargain." Dellahoy, 816 So.2d at 1253.