PER CURIAM.
Rick James Smith appeals the trial court’s order denying his motion for relief pursuant to Florida Rule of Criminal Procedure 3.850. One of the grounds argued, that his plea was involuntary because his attorney (and the state and trial judge) gave affirmative misadvice about the effective date of Chapter 89-531, Laws of Florida, as interpreted by Tripp v. State, 622 So.2d 941 (Fla.1993), has merit, and we thus reverse.
The record before us does not refute appellant’s claim that he was affirmatively misled as to this issue. While the trial court did admonish Smith that if his attorney was mistaken as to the amount of credit for time served Smith would receive, it would not be a basis to withdraw his plea, it also appeared that defense counsel, the prosecutor and the judge were all operating on the mistaken belief that the change in the law which would disallow Smith’s prison credit came after Smith’s offense, not before. In fact, this was not the case. Further, Smith seeks the alternative remedies of either withdrawing his plea, or having the trial court modify his sentence to result in his anticipated sentence of only two years beyond the time he had originally served. See Williams v. Department of Corrections, 734 So.2d 1132 (Fla. 3d DCA 1999); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981). Accordingly, we remand for the trial court to conduct an evidentiary hearing on this issue only. We affirm as to Smith’s remaining issues.
GUNTHER, POLEN and MAY, JJ., concur.