943 So.2d 859 (2006)
James G. HORTON, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D05-4716.
District Court of Appeal of Florida, First District.
November 8, 2006.
Rehearing Denied December 21, 2006.
James G. Horton, pro se, for Petitioner.
Holly N. Simcox, Assistant General Counsel, Department of Corrections, Tallahassee, for Respondent.

ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of the State's motion for rehearing, we withdraw the original opinion and issue the following opinion.
Petitioner was sentenced under the 1991 guidelines to 15 years in the Department of Corrections (DOC) followed by seven years of probation. Following his release from DOC, Petitioner violated probation. Pursuant to a plea agreement, Petitioner pled guilty to violating probation in return for a sentence of 20 years in the DOC, with credit for 15 years and 260 days of credit for time served.
Upon Petitioner's entry into DOC, he received credit, but had 2,900 days forfeited. DOC denied Petitioner's request for additional credit, noting that, pursuant to section 944.28(1), for offenses committed on or after October 1, 1989, DOC may forfeit gain-time earned prior to release, and DOC rules provide gain-time earned prior to release will be forfeited upon revocation of probation. DOC forfeited all of the gain-time Petitioner earned prior to his release.
Petitioner filed a Petition for Writ of Habeas Corpus in the circuit court, arguing DOC lacked authority to review and reject a trial court's specific award of credit for jail or prison time, or to do anything other than execute sentence exactly as imposed by the court. Petitioner argued his *860 plea agreement was agreed to by the court, the State, and Petitioner, and had Petitioner known DOC had the authority to alter the court's sentence, he would not have entered the plea.
The trial court denied the petition concluding DOC acted within the scope of its authority when it forfeited Petitioner's gain-time, and DOC followed its guidelines when it established the sentence structure upon Petitioner's arrival. Petitioner then sought a writ of certiorari in this court. The petition must be denied.
For defendants who committed their offenses between October 1, 1989, and December 31, 1993, DOC, like the sentencing judge, has the discretion to forfeit credit for prior gain-time upon revocation of probation. See Forbes v. Singletary, 684 So.2d 173 (Fla.1996). "Even though the sentencing judge has authorized credit for unforfeited gain time, DOC may now unilaterally declare it forfeited." Id. at 174-175.
Here, the trial court's award of credit was "for the fifteen years he's already served, plus two hundred and sixty some odd days." This award merely gives credit for time actually served, without interfering with DOC's authority to revoke previously earned gain-time. Petitioner may have entered into the plea agreement believing he would receive the full 15 years, 260 days of credit. However, the proper remedy is not for this court to ignore Florida law that allows DOC to forfeit gain-time. See McAllister v. State, 821 So.2d 1250 (Fla. 1st DCA 2002).
The petition for writ of certiorari is DENIED.
KAHN, WEBSTER, and HAWKES, JJ., concur.