PER CURIAM.
The appellant challenges the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons discussed below, we reverse and remand.
The appellant entered a plea agreement in which he admitted violating his probation in exchange for a sentence of twenty-four months’ imprisonment. After he was sentenced, the Department of Corrections forfeited 181 days of gain time. The appellant alleges that by forfeiting his gain time, the Department thwarted the intent of his plea agreement. He alleges that it was the understanding of the parties that he was to serve no more than 24 months in prison, but that the forfeiture will lead to his serving 24 months, 181 days in prison.
It is well-settled that the Department of Corrections has the authority to forfeit all of a defendant’s gain time following a violation of probation. See § 944.28(1), Fla. Stat. (2007); Horton v. State, 943 So.2d 859, 860 (Fla. 1st DCA 2006). However, a defendant is entitled to have a plea agreement enforced if the Department’s forfeiture of gain time thwarted the intent of a negotiated plea. See, e.g., McAllister v. State, 821 So.2d 1250 (Fla. 1st DCA 2002) (“While the trial court cannot compel the DOC to follow the plea agreement since it would usurp the DOC’s authority to forfeit gain time, the trial court can still effectuate the purpose of the plea agreement by either resentencing the appellant in a manner that will effectuate the plea agreement given the DOC’s forfeiture, or by allowing the appellant to withdraw from his plea”); Etienne v. State, 994 So.2d 450 (Fla. 3d DCA 2008) (a defendant is entitled to have a plea agreement enforced if the DOC’s forfeiture of gain time thwarted the intent of a negotiated plea agreement); State v. Jackson, 842 So.2d 1040 (Fla. 3d DCA 2003) (although it is clear trial court cannot rescind DOC’s forfeiture of gain time, it could grant a motion to enforce plea where that forfeiture thwarted the intent of negotiated plea agreement), and cases cited therein; Dellahoy v. State, 816 So.2d 1253 (Fla. 5th DCA 2002) (holding that the Department of Corrections’ forfeiture of gain time cannot be countermanded by the court, but neither can that forfeiture thwart a plea agreement). The trial court’s order does not contain any record attachments conclusively refuting the appellant’s, claim. *900 Thus, we reverse and remand for the trial court to attach portions of the record conclusively refuting the appellant’s claim or to hold an evidentiary hearing.
REVERSED and REMANDED for further proceedings.
ROBERTS, CLARK, and WETHERELL, JJ., concur.