PER CURIAM.
William Hashem appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion in which he asserts that the Department of Correction’s allocation of the credit for time served awarded by the trial court effectually violates the sentence imposed as a result of his plea agreement. We have consolidated this appeal from Hashem’s appeal from an order denying habeas corpus in which he asserts the same fundamental issue.
In its response, the state concedes that the defendant is entitled to raise this issue in a 3.850 motion. If the sentence, as written, cannot be carried out because of DOC guidelines, then the defendant is entitled to be resentenced in a manner that effectuates the intent of his plea agreement. State v. Jackson, 842 So.2d 1040 (Fla. 3d DCA 2003); Williams v. Dept. of Corrections, 734 So.2d 1132 (Fla. 3d DCA 1999). On remand, “the trial court should either resentence [defendant] in a manner that effectuates the plea agreement after considering the DOC forfeiture of gain time or allow him to withdraw his plea.” Dellofano v. State, 946 So.2d 127, 129 (Fla. 5th DCA 2007). Defendant shall be appointed counsel to represent him.
Reversed and remanded for further proceedings.