PER CURIAM.
Charles L. Wright appeals the summary denial of his motion seeking postconviction relief brought pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons discussed below, we reverse and remand.
The appellant entered a plea agreement with the state wherein he admitted to a violation of his probation in return for a 5-year prison sentence. As an additional condition of his plea, he agreed to waive his prison credit from his previous sentence in this case. The plea agreement contained no waiver of previously earned gain time. In accepting the plea, the sentencing court expressed concern that the Department of Corrections would also revoke the appellant’s gain time from his prior prison sentence, causing his sentence to exceed that contemplated by the parties. It was agreed that, if this occurred, the parties would revisit the issue.
In the instant postconviction motion, the appellant alleged that the subsequent revocation of his previously earned gain time caused his prison sentence to exceed that contemplated by his plea agreement. He argued that it was the intent of the parties that he serve no more than 5 years in prison.
A claim that a forfeiture of gain time by the DOC thwarted the intent of a negotiated plea agreement may be raised in a timely rule 3.850 motion. See Chase v. State, 57 So.3d 898, 899 (Fla. 1st DCA 2011). A defendant is entitled to enforcement of the agreement if the forfeiture of gain time frustrated the intent of the plea agreement. Etienne v. State, 994 So.2d 450, 452 (Fla. 3d DCA 2008). A court “cannot compel the DOC to follow the plea agreement since it would usurp the DOC’s authority to forfeit gain time,” but it can honor the intent of the plea agreement “by either resentencing the appellant in a manner that will effectuate the plea agreement given the DOC’s forfeiture, or by allowing the appellant to withdraw from his plea.” McAllister v. State, 821 So.2d 1250, 1251 (Fla. 1st DCA 2002).
In the instant case, as the state concedes, the trial court’s order does not contain any record attachments that conclusively refute the appellant’s claim. Further, while the trial court construed the instant motion as barred by a prior decision on the merits on a motion brought pursuant to Florida Rule of Criminal Procedure 3.800, an examination of this motion reveals that it did not address the same claims.
Accordingly, we reverse and remand the trial court’s order denying the appellant’s rule 3.850 motion for the attachment of portions of the record conclusively refuting *1100 the appellant’s claim or to hold an eviden-tiary hearing.
WOLF, MAKAR, and OSTERHAUS, JJ., concur.