SHEPHERD, C.J.
Shadrick Crump appeals from an order denying his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, in which he alleged the intent of his plea in the case before us was thwarted by a post-plea forfeiture of his gain time in a separate case on which he was at liberty on conditional release at the time he committed the crime in the present case. The trial court denied the motion, reasoning that the challenged gain time forfeiture must be pursued in the first instance through the appropriate administrative process. We agree and affirm the decision of the trial court without prejudice to Crump pursuing his administrative remedies.
On April 15, 1996, Crump pled guilty in Case No. F95-31734A to charges of conspiracies to commit armed robbery, armed burglary, and drug trafficking and was sentenced to fifteen years in state prison. On July 6, 2008, in recognition of the fact he had accumulated 915 days of gain time while in custody, Crump was granted conditional release. Conditional release is a post-prison supervision program where an inmate is placed on community supervision for a period of time equal to the amount of gain time the prisoner earned while in prison. See § 947.1405, Fla. Stat. (2008); Logan v. State, 964 So.2d 209 (Fla. 5th *1150 DCA 2007). The Florida Parole Commission oversees the program, and retains jurisdiction over the defendant until his or her conditional release supervision terminates. Gillard v. State, 827 So.2d 316, 317 (Fla. 1st DCA 2002). During that time, upon violation of any of the terms and conditions of release, the Commission may revoke the conditional release. § 947.141(4), Fla. Stat. (2010) (“[T]he [Commission] panel may revoke conditional release ... and thereby return the re-leasee to prison to serve the sentence imposed .... ”).
On September 10, 2010, while he was still on conditional release, the State charged Crump in Case No. F10-24273B with possessing cocaine with the intent to sell. On October 29, 2010, pursuant to a negotiated plea, the trial court entered a judgment of conviction in the new case, sentencing Crump to a term of three years in state prison with fifty-six days of credit for time served. After Crump began to serve his new sentence, the Department of Corrections advised Crump that the entirety of the 915 days of gain time he had been awarded in Case No. F95-31734A had been forfeited.
Crump then filed his motion for postcon-viction relief with the trial court in Case No. F10-24273B, claiming the gain time forfeiture thwarted the intent of his plea agreement for a three-year sentence because it extended his sentence to five years. In support of his argument, Crump cited several cases, including Neel v. State, 988 So.2d 1152 (Fla. 5th DCA 2008), Dellofano v. State, 946 So.2d 127 (Fla. 5th DCA 2007), Barnett v. State, 933 So.2d 1269 (Fla. 5th DCA 2006), and Dellahoy v. State, 816 So.2d 1253 (Fla. 5th DCA 2002).
In denying Crump’s motion, the trial court concluded the gain time forfeiture resulted from Department action and not that of the court, and “[o]rdinarily that is challenged by proceedings in Tallahassee.” Crump appealed the denial of his motion and we ordered the State to respond. Citing to Wright v. State, 115 So.3d 1098, 1099 (Fla. 1st DCA 2013), and Dellofano, the State agreed with Crump’s argument and recommended this court remand to the trial court for it to determine whether the forfeiture thwarted the intent of Crump’s negotiated plea. We reject the State’s recommendation because the cases cited by Crump and the State are not controlling here.
A careful review of the cited case law leads to the conclusion that the intent of a negotiated plea is thwarted when the gain time is considered in arriving at the sentence. This generally occurs within a single case, and not, as here, when the forfeiture occurs in one case and the plea in another. See Wright, 115 So.3d at 1098 (plea agreement after violation of probation in same case); Neel, 988 So.2d at 1152 (only mentioning one case); Dellofano, 946 So.2d at 127 (probation violation leading to negotiated plea); Barnett, 933 So.2d at 1269 (no mention of second case); Dellahoy, 816 So.2d at 1253 (same); see also, Ramos-Perez v. State, 99 So.3d 515 (Fla. 3d DCA 2011) (plea after violation of probation); Chase v. State, 57 So.3d 898 (Fla. 1st DCA 2011) (same); Etienne v. State, 994 So.2d 450 (Fla. 3d DCA 2008) (same); State v. Jackson, 842 So.2d 1040 (Fla. 3d DCA 2003) (same); Williams v. Dep’t of Corrections, 734 So.2d 1132 (Fla. 3d DCA 1999) (same). As these cases illustrate, when a defendant agrees to plead to charges in exchange for a sentence which takes into consideration gain time the defendant earned during a prior prison term in the case, he or she may justifiably claim his intent in taking the plea is frustrated by a forfeiture of that gain time. Where a longer imprisonment results from a forfeiture of gain time awarded in a separate *1151 case not considered by the court sentencing after a plea in a different case, the defendant cannot claim the forfeiture breaches the plea agreement. This is so because, as this court recognized in Jackson, 842 So.2d at 1041, the Department has sole discretion in awarding or revoking an inmate’s gain time, and the courts have no authority to countermand the Department’s forfeiture of gain time. It is only when a forfeiture of gain time frustrates the intent of a plea negotiated on the basis of that gain time that a court must remedy the situation by either resentencing in a manner which effectuates the intent of the plea or allowing the defendant to withdraw his plea. See, e.g., Williams, 734 So.2d at 1132.
In this case, Crump incorrectly claims his three-year sentence in Case No. F10-24273B was extended as a result of the forfeiture of the gain time he earned in Case No. F95-31734A. When the Parole Commission revoked Crump’s conditional release in Case No. F95-31734A, and reinstated his imprisonment in that case, the Department adjusted Crump’s tentative release date to include the forfeited 915 days. Crump’s three-year sentence in Case No. F10-24273B remained unaltered. As the trial court stated, any challenge to the gain time forfeiture in Case No. F95-31734A must be addressed either to the Parole Commission or to the Department, as may be appropriate.
Accordingly, we affirm the order of the trial court, without prejudice to the filing of administrative proceedings.
Affirmed.