# Third District Court of Appeal
## State of Florida

Opinion filed June 22, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0490
Lower Tribunal No. F13-19021
_____

**Christopher Curry,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Christopher Curry, in proper person.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and LINDSEY and LOBREE, JJ.

PER CURIAM.

Upon Partial Confession of Error

Christopher Curry appeals the trial court's order denying his amended motion to correct jail credit and motion for postconviction relief to effectuate plea. As the record before us does not conclusively refute his claim for additional gain time as an alleged condition of his negotiated plea, we reverse and remand to the trial court for further proceedings or attachments from the record conclusively demonstrating no entitlement to relief.

**BACKGROUND**

In 2017, Curry was sentenced to six years in prison, followed by reporting probation for two counts of attempted first degree murder and one count of manslaughter. He was awarded 1,462 days of credit for time served. Curry was released from custody on May 1, 2019, and he violated his probation on November 16, 2019. He pled guilty and was sentenced on November 18, 2020, to ten years in prison. The trial court ordered that credit of 369 days be given for the time Curry was in jail from his last booking date through sentencing. The court further ordered sentences on the three counts to run concurrently and credit for "all time previously served on this count in the Department of Corrections prior to resentencing."

The Department followed the court's instructions. It afforded Curry the original jail credit of 1,461 days and the jail credit of 369 days, which is the time he waited in jail from the time he violated his probation to the

2

sentencing. The Department also gave him 567 days credit for the time he previously served in prison. As to the 162 days of gain time Curry had accrued, the Department deemed it forfeited. See Moore v. Pearson, 789 So. 2d 316 (Fla. 2001).

Curry filed a motion for postconviction relief to effectuate plea on November 21, 2021, contending his sentence should be adjusted to include the 162 days of gain time that the Department forfeited. Curry then filed an amended motion to correct jail credit on June 21, 2021. On March 2, 2022, the court denied the motions, explaining it had authorized 2,397 days of jail and prison credit, and that Curry was not entitled to any additional credit. The court further explained that gain time is not credit for time served and lies within the authority of the Department of Corrections.

## ANALYSIS

Curry contends that that the "sole point on appeal in this case is that the Circuit Court's denial of the Defendant's Motion to Effectuate the Plea Agreement was error" pursuant to the terms of his plea and Florida Rule of Criminal Procedure Rule 3.800(a).[1] He claims that pursuant to the plea

---

[1] Rule 3.800(a) does not afford a remedy because Curry's claim does not make his sentence illegal. See Grimes v. State, 754 So. 2d 86, 87 (Fla. 4th DCA 2000) ("[F]ailure of the Department of Corrections to award the proper gain time does not make the underlying sentence 'illegal' within the meaning of Florida Rule of Criminal Procedure 3.800(a) . . . .").

3

agreement, he is entitled to 162 days of additional credit for gain time previously awarded, as a "forfeiture [of gain time] cannot thwart the terms contemplated in a plea agreement." See Dellofano v. State, 946 So. 2d 127, 129 (Fla. 5th DCA 2007) ("Dellofano's motion was filed under oath and within the deadline for filing a rule 3.850 motion. . . . [I]t should have been treated as such . . . .") (Lawson, J., concurring specially).

The transcript of the plea colloquy is not part of the record on appeal. It is unclear whether Curry's negotiated plea specified that his sentence was to encompass gain time earned during his prior prison term, as the written sentence specifies: "ALL PRIOR PRISON AND GAIN TIME." Thus, the trial court should have reviewed the claims pursuant to Florida Rule of Criminal Procedure 3.850 and attached records conclusively refuting this timely, sworn claim. See Wright v. State, 115 So. 3d 1098, 1099 (Fla. 1st DCA 2013) ("A claim that a forfeiture of gain time by the DOC thwarted the intent of a negotiated plea agreement may be raised in a timely rule 3.850 motion.").

The trial court correctly found that the "authority to regulate gain time resides exclusively within the Department of Corrections pursuant to chapter 944, Florida Statutes." Moore, 789 So. 2d at 319; see also Walker v. State, 619 So. 2d 518, 519 (Fla. 1st DCA 1993). However, if the Department's forfeiture of gain time results in a longer sentence than that intended by the

4

express terms of the plea, the trial court must either resentence the defendant in a manner that effectuates the plea or allow the defendant to withdraw his plea. See Hashem v. State, 61 So. 3d 1290 (Fla. 3d DCA 2011). Accordingly, we remand this matter to the circuit court.

Reversed and remanded for further proceedings consistent with this opinion.