782 So.2d 552 (2001)
Willie C. JONES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-719.
District Court of Appeal of Florida, Fifth District.
April 20, 2001.
*553 Willie C. Jones, Jr., Mayo, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Willie C. Jones, Jr. ("Jones") appeals the trial court's order denying his motion to enforce his plea agreement. We affirm in part and reverse in part.
In January 1991, Jones pled guilty to one count of kidnaping and one count of robbery. On May 3, 1991 he was sentenced to a term of 15 years incarceration on the robbery conviction followed by five years of probation on the kidnaping conviction. Based upon time served and accumulated gain time, Jones was released from prison and started his probation in November of 1997.
Jones was charged with violating his probation by changing his residence without the consent of his probation officer. In July of 1999 he pled no contest to the violation charge and, as a result thereof, the trial court revoked his probation and sentenced him to a term of 20 years incarceration, with credit for time served. After Jones began to serve his sentence on the probation violation, he filed a motion to enforce his plea agreement alleging that the Department of Corrections (DOC) has failed and refused to obey the court's sentencing order by forfeiting his gain time. The motion alleged that, when entering his plea of no contest to the charge of violating his probation, Jones was told by the trial judge in open court that he would receive credit for 15 years gain time towards the 20 year term of imprisonment. DOC has refused to award him such credit. The motion requested that the trial court either find DOC in contempt of court for failing to comply with the court's sentencing order or direct DOC to award him 15 years credit gain time. In the alternative, *554 the motion requested that the court conduct an evidentiary hearing to determine whether he was entitled to receive any relief, including the right to withdraw his plea.
The trial court, without holding an evidentiary hearing, entered an order denying Jones' motion to enforce his plea agreement, finding that DOC had the legal authority to forfeit credit for gain time upon revocation of probation. We affirm that ruling because the court properly recognized that DOC's forfeiture of gain time cannot be countermanded by the court. See Singletary v. Whittaker, 739 So.2d 1183 (Fla. 5th DCA 1999). See also Forbes v. Singletary, 684 So.2d 173 (Fla. 1996). However, the trial court erred in failing to address Jones' alternative request that he be allowed to withdraw his plea.
A transcript of the proceedings held before the court on the July 26, 1999 plea conference confirms Jones' allegation that he was told by the trial judge that he would receive 15 years credit gain time towards the agreed upon 20 year sentence. The plea agreement and the court's oral pronouncement at the plea hearing are inconsistent with the court order on this issue. In that regard, the plea agreement signed by Jones contains the following statement: "The court has agreed to the following disposition: 20 year DOC CR [credit] 15 year DOC." The oral pronouncement at the plea hearing was confinement for 20 years "with credit for the 15 years that you've already served." However, the court order entered on July 26, 1999 reflects the sentence as follows: "The defendant is ordered to serve 20 Year(s) in the Department of Corrections with credit for 20 day(s) time served and with credit for any time served in the Department of Corrections as to this case."
Since the plea agreement and the court's oral pronouncement at the plea hearing provided that Jones was to receive 15 years credit against his 20 year term he has a valid basis to withdraw his plea if that credit is not forthcoming.
In State v. Leroux, 689 So.2d 235 (Fla. 1997), a defendant pled guilty pursuant to a negotiated plea and was sentenced to a term of 15 years imprisonment with a three year mandatory minimum sentence. Defendant ultimately filed a motion seeking post conviction relief alleging that he had entered his plea based upon counsel's representation that he would be released from prison in four years because of his entitlement to provisional gain time credit, but DOC had informed him that he would have to serve over seven years before being released. The trial court denied the motion but, upon review, the Supreme Court ruled that such misrepresentations by counsel could form the basis for post conviction relief in the form of leave to withdraw a guilty plea. Similarly, in the instant case, since Jones entered into the plea agreement based upon the understanding he would receive 15 years credit, the failure to receive it provides a sufficient basis for withdrawal of the plea.
We remand this matter to the trial court for further proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part; REMANDED.
HARRIS and GRIFFIN, JJ., concur.