946 So.2d 127 (2007)
Michael DELLOFANO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2805.
District Court of Appeal of Florida, Fifth District.
January 19, 2007.
Michael Dellofano, Century, pro se.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Michael Dellofano seeks review of the summary denial of his May 2006 "Motion for Judicial Enforcement of Plea Agreement and Sentence Intent." The trial court denied the motion in July 2006, and Dellofano timely appealed. We reverse.
Dellofano pled guilty to aggravated battery with a weapon causing great bodily harm in June 2003, and was sentenced to two years' incarceration, with 273 days' credit for time served, followed by 24 months of supervised probation. In September 2005, he admitted to a probation violation and was sentenced to 63 months' incarceration with 793 days' credit for time served. He contends this sentence was imposed pursuant to a negotiated plea and that the parties' intent called for a sentence of 63 months with credit for 793 days. Dellofano subsequently learned that the Department of Corrections ("DOC") forfeited 98 days of his previously earned credit under section 944.28, Florida Statutes. He argues that the forfeiture thwarted the intent of the parties and sentencing court, and that, had he known he must serve an additional 98 days, he would not have pled guilty to the violation.
Dellofano's motion sought resentencing with 98 fewer days' incarceration to effectuate the plea agreement. The trial court denied his motion:
[P]ursuant to Section 944.28(1), Florida Statutes, the [DOC] may, without notice or hearing, forfeit all gain-time earned by a prisoner upon his re-incarceration following a revocation of probation. Thus, it is very likely that despite the fact that this Court afforded Defendant substantial credit for time served, he may remain incarcerated beyond the date he has calculated as his proper release date because the [DOC] has decided to forfeit any previously earned gain-time. Hence, should Defendant seek to challenge the [DOC's] forfeiture of his gain-time, he is advised to pursue *129 administrative grievance procedures within the Department itself as such forfeiture is beyond this Court's control.
Generally, the DOC may revoke gain-time without being countermanded by the court. See Barnett v. State, 933 So.2d 1269 (Fla. 5th DCA 2006); Dellahoy v. State, 816 So.2d 1253 (Fla. 5th DCA 2002); Jones v. State, 782 So.2d 552 (Fla. 5th DCA 2001). However, such a forfeiture cannot thwart the terms contemplated in a plea agreement. See Barnett, 933 So.2d at 1269; Dellahoy, 816 So.2d at 1253. We vacate the trial court's denial of Dellofano's motion and remand for reconsideration. See Martin v. State, 816 So.2d 1213 (Fla. 5th DCA 2002). If Dellofano's allegations are correct, the trial court should either resentence him in a manner that effectuates the plea agreement after considering the DOC forfeiture of gain time or allow him to withdraw his plea. See Dellahoy, 816 So.2d at 1253.
REVERSED.
PLEUS, C.J. concurs.
LAWSON, J., concurs specially, with opinion.
LAWSON, J., concurring specially.
There is no provision in the Florida Rules of Criminal Procedure for a "motion to enforce plea agreement." Therefore, the only avenue available for an appellant to pursue his or her postconviction claim below is a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. See Cichoski v. State, 874 So.2d 695 (Fla. 4th DCA 2004) (affirming denial of motion to enforce plea agreement on grounds that motion is not authorized by Florida Rules of Criminal Procedure); Seabrooks v. State, 817 So.2d 934 (Fla. 4th DCA 2002) (same). I recognize that we have entertained appeals from orders on motions to enforce plea agreements in the past, see, e.g., Barnett v. State, 933 So.2d 1269 (Fla. 5th DCA 2006); Jones v. State, 782 So.2d 552 (Fla. 5th DCA 2001), but I do not believe that we should continue to do so when there is no rule authorizing the motion. In other words, I agree with the Fourth District's holdings in Cichoski and Seabrooks.
In this case, however, Dellofano's motion was filed under oath and within the deadline for filing a rule 3.850 motion. Because Dellofano's motion in this case met the procedural requirements of rule 3.850, it should have been treated as such anyway. See, e.g., Reese v. State, 896 So.2d 807, 808 (Fla. 3d DCA 2005); Gill v. State, 829 So.2d 299, 300 (Fla. 2d DCA 2002) ("Where a movant files a properly pleaded claim but incorrectly styles the postconviction motion in which it was raised, the trial court must treat the claim as if it had been filed in a properly styled motion."). Therefore, Dellofano's error in styling the motion as a motion to enforce a plea agreement would have made no difference in this case.
As for the merits, I would note that Dellofano is not simply alleging that he misunderstood the potential consequence of gain time forfeiture upon entering his plea. Rather, he has alleged under oath that his plea bargain was specifically structured to assure that he would not suffer the loss of previously accrued gain time (which is why, he claims, the trial court expressly ordered day-for-day credit for all prior prison time, rather than simply ordering the Department of Corrections to credit him with his prior prison time). As such, Dellofano has stated a valid claim for relief under rule 3.850. Dellahoy v. State, 816 So.2d 1253 (Fla. 5th DCA 2002). Because the trial court's order fails to refute Dellofano's sworn allegations, I agree with the majority that reversal is required.