NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SIRWAYMAN FOSTER,                    )
                                     )
            Appellant,               )
                                     )
v.                                   )          Case No. 2D15-5292
                                     )
STATE OF FLORIDA,                    )
                                     )
            Appellee.                )
_____)

Opinion filed July 15, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Reinaldo Ojeda, Judge.

PER CURIAM.

            SirWayman Foster appeals the order denying his motion filed under

Florida Rule of Criminal Procedure 3.850.  We reverse.

            In his postconviction motion, Foster alleged that he entered into a plea

agreement whereby he admitted violating his probation in exchange for a sentence of

seven years' imprisonment with credit for all previous prison time served on the offenses

as well as for all jail time served after his arrest.  He argued that the Department of

Corrections' forfeiture of 259 days of his gain time after he was sentenced thwarted the

intent of his plea agreement that he serve seven years in prison because it resulted in a

sentence of seven years and 259 days' imprisonment.  Foster acknowledged that DOC

has the authority to revoke gain time without being countermanded by the trial court.

See Dellofano v. State, 946 So. 2d 127, 129 (Fla. 5th DCA 2007). However, because that forfeiture cannot thwart the terms of a plea agreement, Foster requested that the postconviction court resentence him to effectuate the intent of his plea agreement. See id.

The postconviction court incorrectly found that the transcript of the violation of probation hearing directly refuted Foster's claim. The statements the court quoted in the order do not refute Foster's claim that DOC thwarted the intent of his plea agreement that he serve seven years in prison. See Chase v. State, 57 So. 3d 898, 899 (Fla. 1st DCA 2011) (reversing an order denying a rule 3.850 motion because it did not refute the movant's claim that DOC's forfeiture of his gain time thwarted the intent of his plea agreement, noting that "a defendant is entitled to have a plea agreement enforced if the Department's forfeiture of gain time thwarted the intent of a negotiated plea agreement"); Devoid v. State, 987 So. 2d 219, 220 (Fla. 5th DCA 2008) (reversing the denial of a rule 3.850 motion and holding that DOC's revocation of gain time may not thwart the terms of a plea agreement and the movant was entitled to be resentenced in a manner that would effectuate his plea agreement). Accordingly, we reverse and remand for the postconviction court to either attach portions of the record refuting Foster's claim or hold an evidentiary hearing. If Foster's claims are correct, the postconviction court should resentence him in a manner that effectuates the plea agreement after considering the DOC forfeiture of gain time or allow him to withdraw his plea.

Reversed and remanded.

NORTHCUTT, CRENSHAW, and MORRIS, JJ., Concur.