# Third District Court of Appeal

## State of Florida

Opinion filed September 28, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1826
Lower Tribunal No. 14-2020
_____

**Michael Anthony Callaway,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Michael Anthony Callaway, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before ROTHENBERG, LOGUE, and SCALES, JJ.

ROTHENBERG, J.

Michael Anthony Callaway ("Callaway") appeals the trial court's order denying Callaway's motion to vacate his plea and sentence as a Habitual Violent Felony Offender for two counts of armed robbery with a firearm committed on January 26, 2014. Callaway's motion was based on three separate claims of ineffective assistance of trial counsel:

1. Trial counsel's failure to depose certain witnesses where there existed an identification issue;
2. Trial counsel's failure to request a competency evaluation of Callaway;
3. Trial counsel's waiver of a presentence evaluation without Callaway's knowledge and consent.

Because Callaway failed to allege and demonstrate that the alleged deficient performance of his trial counsel resulted in any prejudice to Callaway, we affirm. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring that the defendant must demonstrate that counsel's performance was deficient and the deficient performance prejudiced the defendant). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Rather, the defendant must show that, but for counsel's deficient performance, the result of the proceeding would have been different. Id. at 694; Hill v. Lockhart, 474 U.S. 52, 59 (1985); Kennedy v. State, 547 So. 2d 912, 913-14 (Fla. 1989); Zerquera v. State, 583 So. 2d 348, 349 n.1 (Fla. 3d DCA 1991).

1. Failure to depose the victims

2

The failure to depose witnesses, without more, is insufficient to demonstrate ineffective assistance of counsel.  Magill v. State, 457 So. 2d 1367, 1370-71 (Fla. 1984).  In the instant case, Callaway does not claim that had his trial counsel deposed the witnesses, counsel would have discovered evidence that he was unaware of or that Callaway would not have pled guilty to the charges, nor could he as the record demonstrates the opposite.

First, the record reflects that the strengths and weaknesses of the eyewitness identifications were well known to both Callaway and Callaway's counsel prior to Callaway entering his guilty plea.  An Arthur[1] hearing was held on June 4, 2014, over one month prior to Callaway entering into a negotiated plea with the State on July 15, 2014.  At the Arthur hearing, defense counsel litigated the potential discrepancies in the identification evidence, and the judge who conducted the hearing found the arguments unpersuasive.

Defense counsel argued at the Arthur hearing that the victim's identification of Callaway was unreliable because when the victim initially described the assailant, the victim did not specifically describe any of the distinctive tattoos Callaway had on his face and neck.  These descriptions were provided later when the victim was being interviewed by the prosecutor.  Specifically, the victim described the assailant as a thin built medium height man, whose face and neck

---

[1] State v. Arthur, 390 So. 2d 717 (Fla. 1980).

were completely covered in tattoos. The victim described three of the tattoos as follows: a group of tattoos on the assailant's face that looked like bricks, a teardrop tattoo on his cheek, and a tattoo on the center of his neck that said "game over."

At the Arthur hearing, the judge noted that Callaway's height and build matched the description given by the victim; the victim was able to positively identify Callaway when presented with a photographic lineup, which contained a picture of Callaway without any visible tattoos; and during the victim's pre-filing interview with the prosecutor, the victim had described the distinctive tattoos Callaway had on his face and neck during the robbery without any influence or suggestion by the State. The judge who conducted the Arthur hearing found that the identification evidence was reliable and therefore denied Callaway's request for the setting of a monetary bond and release from custody pending trial.

Thus, defense counsel and Callaway were aware, without deposing the witnesses, of the victim's delayed reporting of the specific description of the tattoos he observed on Callaway's face and neck, and they were able to weigh the potential benefit of this evidence with the benefit of accepting the favorable plea being offered by the State. Specifically, the plea being offered, which Callaway accepted, was to plead guilty to the two armed robbery counts pending in the instant case and to admit to violating his probation in two pending probation

4

violation cases in Broward County and to be sentenced to two concurrent fifteen-year sentences with ten-year minimum mandatories followed by five years of probation on each count of armed robbery, to run concurrent with the sentences to be imposed on the two pending probation violation cases in Broward County. The benefit of accepting this plea is readily obvious. Callaway was potentially facing two consecutive life sentences in the instant case and a combined sentence of fifty years on the probation cases in Broward County (he was on probation for robbery with a weapon and burglary of an occupied dwelling in one case, and grand theft vehicle in a separate case), which could have been ordered to run consecutive to the sentences imposed in the instant case. The burden of proof at a probation violation hearing is also substantially lower, requiring only that the proof be by a preponderance of the evidence.

Because Callaway was aware of "issues" concerning the identification evidence prior to accepting the plea, and he has not alleged, nor have we found, the particularized harm that allegedly flows from his trial counsel's failure to depose certain witnesses, we affirm the trial court's order on this claim. See Brown v. State, 846 So. 2d 1114, 1124 (Fla. 2003) (requiring that when the failure to depose a witness is alleged as a part of an ineffective assistance of counsel claim, a defendant must articulate particularized harm that resulted on a specific evidentiary issue); see also Davis v. State, 928 So. 2d 1089, 1117 (Fla. 2005) (finding that

Davis failed to demonstrate the requisite prejudice where he failed to articulate any testimony that the witnesses could have given if they had been deposed and which was unknown by his trial counsel prior to trial); Kennedy, 547 So. 2d at 913-14 (holding that the defendant must show that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

2. Failure to request a competency evaluation

Callaway claims that his trial counsel provided ineffective assistance of counsel by failing to order a competency evaluation and request an evidentiary hearing to determine his competency to enter into the plea negotiated with the State. Callaway again fails to satisfy the Strickland prejudice prong. Strickland, 466 U.S. at 687. In order to satisfy the prejudice prong in an ineffective assistance of counsel claim where failure to evaluate a defendant's competency is alleged, a defendant must demonstrate "at least a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial." Alexander v. Dugger, 841 F. 2d 371, 375 (11th Cir. 1988); see also Lamarca v. State, 931 So. 2d 838, 847-48 (Fla. 2006) (holding that where nothing in the record suggests that the defendant was not able to consult with his lawyer or lacked an understanding of the proceedings against him, defense counsel will not be found to be ineffective for failing to move for a competency evaluation). A defendant is not entitled to an evidentiary hearing unless there is a "real, substantial and legitimate doubt as to

6

[his] mental capacity . . . to meaningfully participate and cooperate with counsel" and the facts "positively, unequivocally and clearly generate legitimate doubt." Adams v. Wainwright, 764 F.2d 1356, 1360 (11th Cir. 1985) (quoting Bruce v. Estelle, 483 F.2d 1031, 1043 (5th Cir. 1973)).

Neither the record nor Callaway's motion demonstrates the reasonable probability that a psychological evaluation would have revealed that Callaway was incompetent to enter his plea to the charges in this case or that there is a real, substantial, and legitimate doubt as to his ability to consult with his attorney regarding his plea or to understand and appreciate the proceedings. The transcripts of the Arthur hearing and the subsequent plea colloquy reflect that Callaway provided appropriate answers to all questions posed to him; his answers were not solely "yes" and "no" answers; he asked questions to clarify the issues; he corrected the State and the trial court regarding a prior sentence; and he asked for others in the courtroom to be quiet so that he could hear what the trial court was saying to him. He repeatedly and consistently demonstrated an understanding of the charges and evidence in the case, as well as the specifics of the offered plea and the rights he was giving up in accepting the plea. We, therefore, find that the trial court did not err by rejecting this claim of alleged ineffective assistance of counsel.

3. Waiver of the presentence evaluation

First, Callaway was not automatically entitled to a presentence evaluation because this was not his first felony conviction. See Fla. R. Crim. P. 3.170(a); see also Hardwick v. State, 630 So. 2d 1212, 1215 (Fla. 5th DCA 1994) (holding that the plain language of rule 3.710(a) requires a trial court to order a presentence investigation report for a defendant convicted of his first felony offense). In fact, Callaway admitted on the record that he qualified to be sentenced as a Habitual Violent Felony Offender and was on probation in Broward County when he accepted the negotiated plea in the instant case. Thus, in order to obtain a presentence evaluation, Callaway needed to request one. Callaway has not alleged, and the record does not demonstrate, any prejudice flowing from the failure to request a presentence investigation where Callaway was sentenced according to a plea agreement he bargained for, rather than as a result of a trial or an open plea to the court and a sentencing hearing where the trial court is asked to consider aggravating and mitigating circumstances when determining what sentence to impose after a finding of guilt. We, therefore, conclude that this claim is totally without merit.

Affirmed.