IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOSHUA WALKER,

      Appellant,

v.

      Case No. 5D16-4427

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed June 23, 2017

3.850 Appeal from the Circuit
Court for Orange County,
Alan S. Apte, Judge.

Joshua Walker, South Bay, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela Koller, Assistant
Attorney General, Daytona Beach, for
Appellee.

COHEN, C.J.

Joshua Walker appeals the summary denial of his rule 3.850 motion for postconviction relief. Fla. R. Crim. P. 3.850. We reverse as to grounds one and two of the motion because the postconviction court failed to attach records to its order that conclusively refute those grounds. We affirm as to ground three.

Walker was convicted of numerous offenses, including attempted first-degree murder, false imprisonment, burglary, aggravated battery, and attempted robbery.[1] His convictions were affirmed on appeal. Walker v. State, 86 So. 3d 1143 (Fla. 5th DCA 2012). Following his appeal, he moved to vacate his sentence under Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 685 (1984) (recognizing constitutional right to effective counsel). Walker alleged his counsel was ineffective for three reasons: 1) counsel failed to move to suppress both out-of-court and in-court identifications of him; 2) counsel incorrectly advised him that he should not testify; and 3) counsel failed to move to suppress evidence found at the crime scene. The postconviction court summarily denied each of the grounds raised.[2]

To establish ineffective assistance of counsel, Walker must allege both deficient performance and prejudice to his right to a fair, reliable trial. See id. at 687. Because Walker's motion was summarily denied, we review the order de novo to determine whether the record conclusively refutes his claims or if his claims fail as a matter of law. See Harris v. State, 204 So. 3d 973, 974 (Fla. 5th DCA 2016).

---

[1] No adjudication was entered on the aggravated battery charge.

[2] We note that the postconviction court attached nearly the entire trial transcript to the summary denial order. Rule 3.850 requires that the court attach only "a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief." Fla. R. Crim. P. 3.850(f)(4) (emphasis added). The court's approach frustrates appellate review and can alone be grounds for reversal to attach specific records to the summary denial order. See Pullum v. State, 893 So. 2d 627, 628–29 (Fla. 2d DCA 2005). Nonetheless, we considered the court's order and attachments.

Walker alleges that his trial counsel was ineffective for failing to move to suppress a photo lineup that was unnecessarily suggestive because Walker was the only man in the lineup with "extensive facial scarring."[3] The postconviction court denied the claim, finding that there was no reasonable probability that the motion to suppress the out-of-court identification would have been granted.

The test for suppressing an out-of-court or in-court identification is: 1) whether the State used an "unnecessarily suggestive procedure to obtain the out-of-court identification"; and 2) whether that procedure "gave rise to a substantial likelihood of irreparable misidentification." Fitzpatrick v. State, 900 So. 2d 495, 517–518 (Fla. 2005) (quoting Rimmer v. State, 825 So. 2d 304, 316 (Fla. 2002)). A photo lineup may be unnecessarily suggestive if the defendant is the only person depicted with a distinctive physical characteristic. See, e.g., State v. Dorsey, 5 So. 3d 702, 705–06 (Fla. 2d DCA 2009) (denying certiorari when the trial court found that the lineup was impermissibly suggestive because "out of the six African-American males depicted in the photo-pack, the Defendant was the 'only one [having] distinct facial hair about the mouth'").

The postconviction court's order points out that the detective who created the lineup testified that the database does not have facial markings as a distinct, searchable characteristic. Alternatively, the court found that even if the lineup was unnecessarily suggestive, there was not a substantial likelihood of irreparable misidentification because the victim testified that he got a good look at the assailant.

The record is clear that Walker was the only person in the lineup with extensive facial scarring or a blotchy complexion. The victim testified, "The blotches on the face,

---

[3] At other times, Walker's complexion was described as blotchy.

that's how I could recognize him." Nothing in the record attached to the postconviction court's order refutes Walker's claim that the lineup was unnecessarily suggestive. The court's reasoning that the "lineup was not suggestive because the detective who made it did the best he could with the database that he uses," is hardly convincing. Simply because it may have been difficult or time-consuming using the current software to reproduce facial blotching and scarring does not mean that the procedure was not unnecessarily suggestive and that an objection would not have had a reasonable probability of success.

Finally, given that the victim testified that he saw the assailant in the backseat of his car through the rearview mirror, Walker had a plausible basis to argue he was misidentified. Thus, the record establishes that the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. See Neil v. Biggers, 409 U.S. 188, 199−200 (1972). We reverse the summary denial of this claim and remand for the postconviction court either to attach portions of the record, if any, that conclusively refute the claim or to hold an evidentiary hearing.

Next, Walker alleges that his trial counsel was ineffective for misadvising Walker not to testify. Walker alleged that "[c]ounsel told [him] that if he took the stand, the State would be able to present to the jury the details of his extensive criminal record." Affirmative misadvice regarding impeachment with prior convictions is a cognizable postconviction claim. See Rodriguez v. State, 909 So. 2d 955, 956 (Fla. 3d DCA 2005). Accordingly, we reverse this ground for the postconviction court to attach records conclusively refuting this claim or to hold an evidentiary hearing.

However, we affirm the postconviction court's order as to Walker's third ground. In this claim, Walker argues that his counsel was ineffective in failing to move to suppress evidence of a wallet found at the scene of the crime. He argues that the evidence was inadmissible because it was not relevant to any fact in dispute. See § 90.401, Fla. Stat. (2010). The record demonstrates, however, that the wallet was found on the ground at the crime scene and contained Walker's identification. This fact certainly tends to make it more likely that Walker was present during the robbery—which renders the evidence relevant. At trial, Walker raised this same argument regarding his counsel's failure to object to the wallet coming into evidence, and the trial court instructed Walker that there was no basis for an objection. We find no error in the postconviction court's determination that Walker did not demonstrate ineffective assistance of counsel because there was no meritorious basis for suppression of the evidence.

In sum, we affirm the denial of Walker's motion as to ground three and reverse and remand for an evidentiary hearing, or to attach specific portions of the record refuting his claims, on grounds one and two.

AFFIRMED IN PART; REVERSED IN PART; and REMANDED.

ORFINGER and BERGER, JJ., concur.