# Third District Court of Appeal

## State of Florida

Opinion filed August 16, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-0966
Lower Tribunal Nos. 03-16617; 04-916; 05-28921-B; 09-31795

_____

**Frank Ortiz,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose Fernandez, Judge.

Frank Ortiz, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before EMAS, FERNANDEZ and LUCK, JJ.

LUCK, J.

In trial court case numbers 04-916 and 05-28921B, as a result of a February 2016 negotiated plea, appellant Frank Ortiz was sentenced to seventy-three months in state prison for violating his probation after testing positive for using a

controlled substance.[1]  In his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850(a), Ortiz claimed his trial counsel was constitutionally ineffective because he:  (1) did not advise Ortiz about the gain time and conditional release consequences of his plea; and (2) did not present mitigating evidence at the sentencing hearing.  Ortiz appeals the trial court's summary denial of his post-conviction motion.  We affirm.

Ortiz, first, claims that his trial counsel was ineffective because he failed to advise that Ortiz would be subject to forfeiture of gain time and the conditional release program as a consequence of the negotiated plea.  "Gain time, good time, provisional credit time, and additional mitigating credits are all collateral consequences of a guilty plea. . . .  [N]either the trial court nor counsel is required to forewarn a defendant about every conceivable collateral consequence of a plea to criminal charges."  State v. Rodriguez, 990 So. 2d 600, 606-07 (Fla. 3d DCA 2008) (quotation omitted).  As we have explained:

> While there exists case law affording a defendant relief based on misinformation with respect to a plea, we have found no cases which require that defense counsel advise a defendant of all possible

---

[1] Although his post-conviction motion and notice of appeal included trial court case numbers 03-16617 and 09-31795, Ortiz was not on probation, and was not sentenced in February 2016, in those cases.  The sentences in trial court case numbers 03-16617 and 09-31795 had expired years earlier.  Because Ortiz's claims are directed at trial counsel's errors as part of the February 2016 probation sentence, and that sentence did not include trial court case numbers 03-16617 and 09-31795, we affirm the summary denial of Ortiz's post-conviction motion as to those two cases.

reductions in prison time for which he may be entitled and, furthermore, there is no requirement that a defendant be given a specifically quantified amount of time that he is expected to serve in prison.

Id. Post-conviction "relief is not warranted," that is, "where counsel merely fails to inform a client about the various ramifications of gain time as opposed to volunteering incorrect information." Henderson v. State, 626 So. 2d 310, 311 (Fla. 3d DCA 1993). Here, Ortiz alleged only that his trial counsel failed to advise him of the gain time and conditional release consequences of his plea; he did not allege that trial counsel gave him incorrect advice. This makes all the difference because absent misadvise or misinformation trial counsel is not required to advise a defendant about potential post-sentencing reductions in his prison time. Ortiz's trial counsel did not provide ineffective assistance in failing to advise Ortiz about the collateral gain time and conditional release consequences of the negotiated plea.

Ortiz, also, claims that his trial counsel was ineffective because he did not introduce mitigating evidence at his sentencing hearing about his education, drug treatment, employment, and mental illness. We considered a similar claim in Callaway v. State, 202 So. 3d 901 (Fla. 3d DCA 2016). There, the defendant claimed his trial court was ineffective for waiving a presentence evaluation, which would have had information about the defendant's background, without the

defendant's knowledge or consent. Id. at 902, 904-05. We affirmed the trial

court's denial of this claim because

> Callaway has not alleged, and the record does not demonstrate, any prejudice flowing from the failure to request a presentence investigation where Callaway was sentenced according to a plea agreement he bargained for, rather than as a result of a trial or an open plea to the court and a sentencing hearing where the trial court is asked to consider aggravating and mitigating circumstances when determining what sentence to impose after a finding of guilt.

Id. at 905. Here, too, Ortiz was sentenced as part of a negotiated plea rather than

as part of an open plea or after a trial where the trial court would consider

aggravating and mitigating circumstances. Ortiz was not prejudiced by the failure

to investigate and introduce mitigating evidence because he was given exactly

what he bargained for. Mitigating evidence introduced by his trial counsel,

therefore, would not have affected the outcome.

The trial court properly denied Ortiz's motion for post-conviction relief.

Affirmed.