DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAROLD MOTLEY TIBBETTS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-160

[July 18, 2018]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 89CF006107AMB.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant appeals from the circuit court's summary denial on the merits of his "motion to withdraw plea based on newly discovered evidence and request for evidentiary hearing." The defendant primarily argues that the circuit court erred in summarily denying his motion on the merits without first holding an evidentiary hearing. We disagree with the defendant's argument, and therefore affirm.

## *Procedural History*

The defendant was charged in 1989 with first-degree murder and other crimes arising from the same incident. If convicted, he was facing the possibility of the death penalty. The state's evidence, from multiple witnesses placing the defendant at the scene of the crime, and showing the defendant's consciousness of guilt through his post-crime actions and statements, was overwhelming.

In 1991, the defendant avoided the possibility of the death penalty by pleading guilty to second-degree murder and the other related crimes, in exchange for thirty-year concurrent sentences.

In 2014, the defendant learned that one piece of evidence against him, a hair comparison analysis, which identified the defendant as the likely source of a pubic hair found on the victim, may not have been conducted according to scientifically acceptable practices, and it could not be presently determined whether support existed for the analysis.

In 2016, within two years of learning of this information, the defendant timely filed his motion to withdraw plea based on newly discovered evidence and request for evidentiary hearing. The defendant claimed that withdrawal of his plea was necessary to correct a manifest injustice, because his decision to plead guilty was based on "look[ing] at each piece of evidence in his case and determin[ing] what weight, if any, the jury will give it," and the "microscopic hair analysis was critical to [his] decision whether to accept a plea of guilty."

The state's response argued three reasons why no reasonable probability existed that the defendant would have gone to trial rather than plead, even if he had known that the hair comparison analysis was subject to question. First, the state detailed the evidence as to why it had a strong case against the defendant, even without the hair comparison analysis, and therefore the defendant was unlikely to be acquitted. Second, the state argued that the defendant's guilty plea was voluntary given what he knew at the time. Third, the state argued that the disparity between the possibility of the death sentence and the ultimate thirty-year sentence made it unlikely that the defendant would have proceeded to trial, even if the defendant had known that the hair comparison analysis was subject to question. For those reasons, the state requested the circuit court to summarily deny the defendant's motion without an evidentiary hearing.

Per the state's request, the circuit court summarily denied the defendant's motion without an evidentiary hearing. In doing so, the court adopted the state's response to the defendant's motion, as well as the attachments, as its own findings of fact and conclusions of law. The court indicated its decision to deny the defendant's motion was on the merits.

### *Our Review*

This appeal followed. The defendant primarily argues that the circuit court erred in summarily denying his motion on the merits without holding an evidentiary hearing. Based on that argument, our task is to determine

whether the record conclusively refutes the defendant's claim that, based on the newly discovered evidence, he would have decided to go to trial and faced the possibility of the death penalty, rather than pleading guilty to receive a thirty-year sentence. *See* Fla. R. Crim. P. 3.850(f)(5) ("If the motion is legally sufficient but all grounds in the motion can be conclusively resolved either as a matter of law or by reliance upon the records in the case, the motion shall be denied without a hearing by the entry of a final order."). Our review is de novo. *See Walker v. State*, 223 So. 3d 388, 389 (Fla. 5th DCA 2017) (appellate court reviews de novo an order summarily denying a motion for postconviction relief to determine whether the record conclusively refutes the movant's claims or if movant's claims fail as a matter of law).

Applying the foregoing standards of review, we conclude the record conclusively refutes the defendant's claim that, based on the newly discovered evidence, he would have gone to trial and faced the possibility of the death penalty, rather than pleading guilty to receive a thirty-year sentence.

We reach this conclusion by applying, from *Long v. State*, 183 So. 3d 342 (Fla. 2016), our supreme court's two-part test as to whether a defendant may withdraw a guilty plea based on a newly discovered evidence claim.

First, "the evidence must not have been known by the trial court, the party, or counsel at the time of the plea, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence." *Id.* at 346. The state concedes that the defendant's motion satisfied this first prong.

Second, "the defendant must demonstrate a reasonable probability that, but for the newly discovered evidence, the defendant would not have pleaded guilty and would have insisted on going to trial." *Id.* When making this second determination, the court must consider the "totality of the circumstances surrounding the plea," including but not limited to "whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial." *Id.* (citation omitted).

The record conclusively refutes this second prong. If the defendant had decided to go to trial, his defense at trial presumably would have been that another person committed the murder. The overwhelming evidence in this case from multiple witnesses, placing the defendant at the scene of the

3

crime, and showing his consciousness of guilt through his post-crime actions and statements, indicates that such a defense was not likely to succeed at trial. Although the newly discovered evidence – that the hair comparison analysis was subject to question – may ultimately have been presented to a jury, we still conclude, based on the other overwhelming evidence, that the presumed defense was not likely to succeed at trial.

Given the age of this case, the record does not include the colloquy between the defendant and the circuit court at the time of the plea, but merely the standard waivers which the defendant signed at the time of the plea. However, the fact that such waivers exist is not insignificant.

More significant is the difference between the sentence imposed under the plea, thirty years, and the maximum possible sentence the defendant faced at a trial, death. Given the overwhelming evidence of guilt, the record conclusively refutes any reasonable possibility that, but for the newly discovered evidence, the defendant would not have pleaded guilty in exchange for a thirty-year sentence, and would have decided to go to trial and faced the possibility of the death penalty.

Based on the foregoing, we affirm the circuit court's summary denial on the merits of the defendant's motion to withdraw plea and request for evidentiary hearing.

*Affirmed.*

DAMOORGIAN and KUNTZ, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

4