# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**STEPHEN KENNETH BROWN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3270

[April 17, 2019]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Geoffrey D. Cohen, Judge; L.T. Case No. 13003951CF10A.

Stephen Kenneth Brown, Lake City, pro se.

Ashley B. Moody, Attorney General, Tallahassee, and Jonathan P. Picard, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant filed a Florida Rule of Criminal Procedure 3.850 motion for postconviction relief, alleging that the Department of Corrections' ("Department") forfeiture of his gain time thwarted the intent of his plea agreement. The circuit court summarily denied the defendant's motion as facially insufficient. The defendant argues the circuit court erred in denying his motion as legally insufficient and without attaching any portion of the record conclusively refuting his claim.

We agree with the defendant's argument. All of our sister courts have found it sufficient for a defendant to allege that the Department's forfeiture of gain time has thwarted the intent of the plea agreement *for a particular length of sentence*, which the defendant alleged here. Thus, in this case, the circuit court was required to either attach records conclusively refuting the defendant's claim or hold an evidentiary hearing.

## *Procedural History*

The defendant entered a no contest plea to aggravated battery on a person sixty-five years or older and false imprisonment. On both counts, the circuit court sentenced the defendant as a habitual felony offender to concurrent terms of three years' imprisonment, to be followed by concurrent terms of probation (five years on the aggravated battery count and one year on the false imprisonment count).

After his release from prison, the defendant violated his probation based upon a new law violation. The defendant and the state entered into a plea agreement. Page one of the court's disposition order indicated that the defendant received a 55-month prison sentence with credit for 592 days' time served. Page two of the court's disposition order, within a section entitled "Special Conditions of Prison Sentence," a box was checked stating: "To be given credit for all time previously served in prison, to be calculated by [the Department]."

The defendant later filed the underlying Rule 3.850 motion. The defendant characterized his plea agreement as having "agreed to plead guilty to the violation for a specific sentence of 55 months, with 592 day[s] time served for jail credit with credit for ALL time previously served in prison." The defendant then alleged that after his return to prison for the probation violation, the Department "audited the defendant's sentence to 592 [days] county jail time credit, and 501 [days] prison credit, forfeiting 156 days of prior gain time." The defendant claimed that the Department's "forfeiture of 156 days of the Defendant's gain time after he was sentenced thwarted the intent of his plea agreement that he serve 55 months in prison because it results in a sentence of 55 months and 156 day's [sic] imprisonment." The defendant acknowledged that the Department had the statutory authority to revoke his gain time without being countermanded by the circuit court. However, the defendant argued that such statutory authority did not give the Department the ability to "thwart the intent of the Defendant's plea agreement of 55 months." Thus, the defendant requested that the circuit court resentence him in a manner which would effectuate the intent of his plea agreement after considering the Department's forfeiture of gain time.

The state responded that the defendant's motion should be summarily denied as facially insufficient for two reasons: (1) gain time is a collateral consequence, of which neither the circuit court nor counsel was required to advise the defendant; and (2) the defendant did not allege that he was assured a certain amount of gain time as a result of his plea. The state

attached to its response only the circuit court's sentencing orders, and no other documents.

The circuit court summarily denied the defendant's motion. The order mirrored the state's response that the defendant's motion was facially insufficient for the two reasons stated above.

### *This Appeal*

This appeal followed. We review de novo an order summarily denying a motion for postconviction relief to determine whether the record conclusively refutes the movant's claims or whether the movant's claims fail as a matter of law. *Tibbetts v. State*, 251 So. 3d 198, 200 (Fla. 4th DCA 2018).

The defendant argues the circuit court erred in denying his motion as legally insufficient and without attaching any portion of the record conclusively refuting his claim that the Department's forfeiture of his gain time thwarted the intent of his plea agreement. We agree.

On the circuit court's first reason for denying the defendant's motion, we recognize that forfeiture of gain time is a collateral consequence, and that neither the circuit court nor counsel was required to forewarn the defendant about that collateral consequence. *See Ortiz v. State*, 227 So. 3d 682, 684 (Fla. 3d DCA 2017) ("Gain time, good time, provisional credit time, and additional mitigating credits are all collateral consequences of a guilty plea. . . [N]either the trial court nor counsel is required to forewarn a defendant about every conceivable collateral consequence of a plea to criminal charges.") (citation omitted). However, the failure to advise the defendant of the possible forfeiture of gain time was not the basis of the defendant's motion. Therefore, the circuit court's first reason, though legally correct, was not a basis upon which to deny the defendant's motion.

The circuit court's second reason for denying the motion was in error. All four of our sister courts have found it sufficient for a defendant to allege that the Department's forfeiture of gain time has thwarted the intent of the plea agreement *for a particular length of sentence.*

In *Chase v. State*, 57 So. 3d 898 (Fla. 1st DCA 2011), the First District reversed and remanded for the trial court to attach portions of the record conclusively refuting the defendant's claim, or to hold an evidentiary hearing, where the defendant alleged "it was the understanding of the parties that he was to serve no more than 24 months in prison, but that

3

the forfeiture will lead to his serving 24 months, 181 days in prison." *Id.* at 399.

In *Foster v. State*, 197 So. 3d 93 (Fla. 2d DCA 2016), the Second District reversed and remanded for the postconviction court to either attach portions of the record refuting the defendant's claim, or hold an evidentiary hearing, where the defendant alleged that "the Department of Corrections' forfeiture of 259 days of his gain time after he was sentenced thwarted the intent of his plea agreement that he serve seven years in prison because it resulted in a sentence of seven years and 259 days' imprisonment." *Id.* at 93-94.

In *Ramos-Perez v. State*, 99 So. 3d 515 (Fla. 3d DCA 2011), the Third District reversed and remanded for the trial court to determine whether the record shows conclusively the defendant is entitled to no relief, where the defendant argued in his postconviction motion that the Department's forfeiture of 177 days of gain time would "result in an increase of incarceration of almost six months, which would thwart the intention of his negotiated plea agreement—that he serve a total of 366 days in state prison." *Id.* at 515.

In *Dellofano v. State*, 946 So. 2d 127 (Fla. 5th DCA 2007), the Fifth District reversed and remanded for the trial court to reconsider the defendant's postconviction motion where the defendant contended his sentence "was imposed pursuant to a negotiated plea and that the parties' intent called for a sentence of 63 months with credit for 793 days." *Id.* at 128.

Here, as in *Chase*, *Foster*, *Ramos-Perez*, and *Dellofano*, the defendant's motion alleged that the Department's forfeiture of gain time has thwarted the intent of the plea agreement *for a particular sentence*. Specifically, the defendant's motion characterized his plea agreement as having "agreed to plead guilty to the violation for a specific sentence of 55 months, with 592 day[s] time served for jail credit with credit for ALL time previously served in prison," which the defendant alleged was an additional 501 days. The defendant's motion further claimed that the Department's "forfeiture of 156 days of the Defendant's gain time after he was sentenced thwarted the intent of his plea agreement that he serve 55 months in prison because it results in a sentence of 55 months and 156 day's [sic] imprisonment." Given these allegations, the defendant's motion was legally sufficient.

Based on the foregoing, the circuit court was required to either attach records conclusively refuting the defendant's claim, or hold an evidentiary hearing on the defendant's claim, that the Department's forfeiture of his

gain time thwarted the intent of his plea agreement. We reverse and remand for that purpose. If the circuit court finds that the defendant's claim is correct, the circuit court should either resentence him in a manner which effectuates the plea agreement after considering the Department's forfeiture of gain time or allow the defendant to withdraw his plea. *Foster*, 197 So. 3d at 94; *Ramos-Perez*, 99 So. 3d at 515; *Dellofano*, 946 So. 2d at 129.

*Reversed and remanded for proceedings consistent with this opinion.*

CIKLIN and KUNTZ, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***