IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHRISTOPHER LYNN KOPPE,

 Appellant,

v.

STATE OF FLORIDA,

 Appellee.

_____/

Case No. 5D22-3069
LT Case No. 2008-CF-043786-A

Opinion filed March 3, 2023

3.850 Appeal from the Circuit Court
for Brevard County,
Tesha Scolaro Ballou, Judge.

Christopher Lynn Koppe, Avon
Park, pro se.

No Appearance for Appellee.

PER CURIAM.

 AFFIRMED. *See Wagner v. State*, 177 So. 3d 695, 697 (Fla. 5th DCA 2015) (recognizing that when a defendant enters an open plea, there is no plea agreement between the defendant and the State, and the trial court has the absolute discretion to determine the appropriate sentence); *Jacoby v. State*, 215 So. 3d 168, 171–72 (Fla. 2d DCA 2017) (recognizing that if a

defendant is sentenced to a new prison sentence upon the revocation of the probationary term of a probationary split sentence, the defendant is not entitled to credit for the full amount of the original sentence if he obtained an early release due to gain time—he is entitled to credit for the time he actually served in prison); *Brown v. State*, 268 So. 3d 177, 179 (Fla. 4th DCA 2019) ("[F]orfeiture of gain time is a collateral consequence, and . . . neither the circuit court nor counsel was required to forewarn the defendant about that collateral consequence." (citing *Ortiz v. State*, 227 So. 3d 682, 684 (Fla. 3d DCA 2017))); *State v. Rodriguez*, 990 So. 2d 600, 606–07 (Fla. 3d DCA 2008) ("[T]here is no requirement that a defendant be given a specifically quantified amount of time that he is expected to serve in prison.").

LAMBERT, C.J., MAKAR and BOATWRIGHT, JJ., concur.