# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-374
Lower Tribunal No. F07-27830

_____

**Emmanuel Blaise,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Daniel J. Tibbitt, P.A., and Daniel Tibbitt, for appellant.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

EMAS, J.

In August of 2007, Emmanuel Blaise was arrested and charged with felony possession of cocaine and misdemeanor possession of marijuana. In January 2008, pursuant to a negotiated plea, Blaise pled guilty to both charges, was adjudicated, and was sentenced to the two days he had already spent in the county jail following his arrest.

On September 24, 2019, Blaise filed a motion to vacate his conviction pursuant to Florida Rule of Criminal Procedure 3.850. He alleged his trial counsel was ineffective in failing to advise him that his plea would subject him to deportation, as he was a citizen of Haiti residing in the United States as a permanent resident. Also, attached to that motion was a September 23, 2019 affidavit from Dudley Mayard, who alleged he was in the car with Blaise on the date of Blaise's arrest, that the cocaine and marijuana found in the cupholder of the car was in fact his (Mayard's) and was not Blaise's, and that he had asked Blaise to say the drugs were his (Blaise's) because Mayard "was on probation and very afraid of what would happen if I was caught and charged with a violation." In December 2019, the trial court summarily denied the motion to vacate as untimely, and Blaise did not appeal that order.

In February of 2021, Blaise filed a second motion to vacate, also pursuant to rule 3.850. In this motion he now relied directly upon the

2

averments made by Mayard—that the drugs for which Blaise had been arrested actually belonged to Mayard and not to Blaise; that Mayard was previously unwilling to admit to ownership of the drugs because Mayard was on probation, and such an admission would constitute a violation of Mayard's probation; and that this constitutes newly-discovered evidence within the scope of rule 3.850. Blaise alleged that the 2008 plea, judgment and sentence should be vacated because had this evidence been known and available to Blaise, he would not have pleaded guilty but instead would have continued to plead not guilty and would have insisted on going to trial. Attached to this second postconviction motion was a second affidavit executed by Mayard on June 7, 2019.[1]

The State contended, in response, that the motion was untimely because it was filed beyond the two-year time limitation imposed under rule 3.850(b), and that the proffered evidence could not be considered "newly discovered" because, at the time he pleaded guilty to the charges, Blaise knew the drugs were not his but, instead, belonged to Mayard.

---

[1] The record does not contain an explanation why this affidavit, attached to a motion dated February 2, 2021, was executed on June 7, 2019, and actually pre-dates the Mayard affidavit that accompanied Blaise's first motion for postconviction relief filed on September 24, 2019.

3

The trial court held an evidentiary hearing. Blaise testified, as did Mayard (generally consistent with his affidavit). Following the evidentiary hearing, the trial court denied the motion, finding the evidence was not newly discovered and that, even if the evidence could be considered newly discovered, Blaise failed to establish a reasonable probability that, had this evidence been available to him, he would have rejected the plea and insisted on going to trial.[2]

We affirm the order denying the motion to vacate, noting the trial court held an evidentiary hearing, made credibility determinations, and concluded that even if this evidence had been available to Blaise at the time of his plea, there was no reasonable probability that Blaise would have rejected the plea (adjudication and credit for two days' county jail time already served) and instead would have insisted on going to trial. See Long v. State, 183 So. 3d 342 (Fla. 2016) (adopting two-pronged test, analogous to that of Strickland v. Washington, 466 U.S. 668 (1984), to determine whether a plea should be vacated based on a claim of newly-discovered evidence). Under the test

---

[2] The trial court did not deny the motion as "successive", see Fla. R. Crim. P. 3.850(h)(1), nor make a finding that Blaise's failure to assert this ground in the prior motion constituted an abuse of the procedure or there was no good cause for Blaise's failure to have asserted this ground in the prior motion. See Fla. R. Crim. P. 3.850(h)(2). We therefore do not reach the question of whether this would provide an independent basis for affirmance.

4

announced in Long, 183 So. 3d at 346, a defendant seeking to set aside a plea based on newly discovered evidence is required to establish:

> First, the evidence must not have been known by the trial court, the party, or counsel at the time of the plea, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence.
>
> Second, the defendant must demonstrate a reasonable probability that, but for the newly discovered evidence, the defendant would not have pleaded guilty and would have insisted on going to trial.
>
> Importantly, and as the Florida Supreme Court has previously held:
>
> [I]n determining whether a reasonable probability exists that the defendant would have insisted on going to trial, a court should consider the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial.

Id. (quoting Grosvenor v. State, 874 So. 2d 1176, 1181-82 (Fla. 2004)).

The trial court properly applied Long in its analysis of Blaise's claim, there is competent substantial evidence to support the trial court's determination, and we find no error. See also Tibbetts v. State, 251 So. 3d 198 (Fla. 4th DCA 2018).

As a final note, we address the independent alternative argument advanced by the State in opposition to Blaise's postconviction motion: that Mayard's affidavit and proffered testimony could not qualify as "newly

5

discovered" because Blaise knew, at the time of his plea, that the cocaine and marijuana were not his but instead belonged to Mayard. Such an argument is flawed. We note that the State, both below and on appeal, argued that the evidence was not newly-discovered because "[Blaise] and his attorney both knew of the allegations that Mayard possessed the drugs when he accepted the plea." This argument misses the point; the "newly discovered" aspect is not that the drugs belonged to Mayard, but that, at the time of the plea, such evidence was unavailable to Blaise—Mayard was unwilling to testify on behalf of Blaise and acknowledge that the drugs belonged to him and not to Blaise. In other words (and accepting as true the allegations in Blaise's motion), it is not Blaise's knowledge that he was not the owner of the drugs that is newly discovered. What is newly discovered (or perhaps more accurately newly available) is the ability at trial to introduce this evidence from the actual owner of the drugs to establish this fact. See, e.g., Wilson v. State, 188 So. 3d 82, 85 (Fla. 3d DCA 2016) ("It is not Wilson's knowledge that he did not commit the crime that must be newly-discovered. Surely if this were the case, there would rarely be such a thing as newly-discovered evidence, as a defendant who proclaims his innocence necessarily 'knows' that he did not commit the crime and (assuming a crime was in fact committed) that it was committed by someone else. Rather, it is

6

the discovery of the existence of admissible evidence demonstrating that Wilson was not the person who committed the crime that renders such evidence 'newly-discovered' and permits him to assert this evidence in support of a motion for relief under rule 3.850"); <u>Archer v. State</u>, 934 So. 2d 1187, 1194 (Fla. 2006) (rejecting rationale that the affidavit of a recanting witness cannot be considered "newly discovered" because defendant knew at the time of the trial that the witness was lying); <u>Nordelo v. State</u>, 93 So. 3d 178, 187 (Fla. 2012) (noting that the facts set forth in a co-defendant's affidavit, "that Nordelo did not participate in the crime with co-defendant and that co-defendant was afraid to come forward with the exculpatory testimony and refused to testify—are the type of facts which, if true, would subject the judgment to a legitimate collateral challenge" based on newly discovered evidence); <u>Burns v. State</u>, 858 So. 2d 1229 (Fla. 1st DCA 2003) (reversing trial court's summary denial of motion for postconviction relief based on newly discovered evidence, and remanding for evidentiary hearing; rejecting trial court's conclusion that co-defendant's affidavit—in which he acknowledged he falsely implicated defendant by lying under oath at trial that defendant paid him to commit the arson—could not be "newly discovered" because defendant knew at the time of trial that the co-defendant was lying).

To be clear, this does not mean that a trial court presented with such a claim must grant the requested relief (i.e., vacatur of plea). It simply means that, based upon this asserted evidence, which is properly considered newly-discovered, a trial court will ordinarily be required to conduct an evidentiary hearing at which the defendant must demonstrate an entitlement to relief pursuant to Long.[3] In the instant case, the trial court held an evidentiary hearing as required, conducted the proper analysis, and made determinations that are supported by the record. For that reason, and independent of the trial court's alternative determination that the affidavit was not newly discovered evidence, we affirm.

Affirmed.

---

[3] Indeed, the Florida Supreme Court has recognized that a valid postconviction claim asserting newly discovered evidence will typically require the trial court to conduct an evidentiary hearing:

> The determination of whether the statements in an affidavit provided as newly discovered evidence are true and meet the due diligence and probability prongs of Jones v. State, 709 So. 2d 512, 521 (Fla. 1998) (Jones II) "usually requires an evidentiary hearing to evaluate credibility unless the affidavit is inherently incredible or obviously immaterial to the verdict and sentence."

Nordelo v. State, 93 So. 3d 178, 186 (Fla. 2012) (quoting Davis v. State, 26 So.3d 519, 526 (Fla. 2009)). See also McLin v. State, 827 So. 2d 948, 955 (Fla. 2002) (requiring an evidentiary hearing to test the credibility of the codefendant's recantation that served as the basis for a newly discovered evidence claim).